UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:17-CV-184-ORL-41-KRS

ANTHONY T. FIELDS,

    Plaintiffs,

vs.

FIDELITY SECURITY AGENCY, LLC.;
FIDELITY SECURITY SERVICES, LLC.;
and MICHAEL L. WILLIAMS, JR.,

    Defendants.
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ANTHONY T. FIELDS, (hereinafter referred to as "Plaintiff" or "Mr. Fields"), by and through undersigned counsel, hereby files this Complaint and Demand for Jury Trial against FIDELITY SECURITY AGENCY, LLC., FIDELITY SECURITY SERVICES, LLC, and MICHAEL L. WILLIAMS, JR., (collectively referred to as Defendants at times), and states as follows:

### I. INTRODUCTION

1. This is an action under the Federal Fair Labor Standards Act, for failure to pay overtime wages in violation of the Fair Labor Standards Act, as amended, 29 U.S.C. Section 201, *et. seq.* (hereinafter "FLSA").

2. This lawsuit is not dealing with mere chattels or articles of trade but with the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others, in this case- FIDELITY SECURITY AGENCY, LLC

1

AND FIDELITY SECURITY SERVICES, LLC. Those are the rights that Congress has specially legislated to protect in the Fair Labor Standards Act.

3. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

4. Defendants utilized their unequal bargaining power to render defenseless Mr. Fields against the denial of the living wage he is entitled to receive and protected by 29 U.S.C. § 207.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. Section 1331 and 29 U.S.C. Section 201.

6. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## III. THE PARTIES

7. Plaintiff, ANTHONY T. FIELDS, was employed by Defendant, FIDELITY SECURITY AGENCY, LLC, as a security officer from approximately November 2013 until September 2014.

8. As a Security Officer, MR. FIELDS' job duties included but were not limited to, providing security guard services to Defendants' customers.

2

9. As a Security Officer, MR. FIELDS was paid an hourly rate.

10. In or about October 2014, MR. FIELDS became a lead, operations supervisor and security officer ("Supervisor") for the Defendant, FIDELITY SECURITY AGENCY, LLC.

11. In or about January 2015, MR. FIELDS was a lead, operations supervisor and security officer ("Supervisor) for both FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

12. As a Supervisor, MR. FIELDS' job duties included but were not limited to, scheduling, training, date entry, site visits, recruitment, complaints, providing security guard services to Defendants' customers and overseeing other security officers.

13. As a Supervisor MR. FIELDS was paid an hourly rate.

14. MR. FIELDS was an employee of the Defendants within the meaning of the law and the FLSA.

15. At all times relevant to his employment, MR. FIELDS, regularly used the instrumentalities of interstate commerce while performing his work. At all times relevant to his employment, MR. FIELDS, also regularly used the channels of commerce while performing his work.

16. The Defendant, FIDELITY SECURITY AGENCY, LLC, maintains and operates a security service business in Orlando, Florida. Defendant, FIDELITY SECURITY AGENCY, LLC, is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, FIDELITY SECURITY AGENCY, LLC, has employees subject to the provisions of the FLSA, 29 U.S.C. Section 207, in the facility where the Plaintiff was employed.

17. Defendant, FIDELITY SECURITY AGENCY, LLC, has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

18. The Defendant, FIDELITY SECURITY SERVICES, LLC, maintains and operates a security service business in Orlando, Florida. Defendant, FIDELITY SECURITY SERVICES, LLC, is an "employer" as defined by 29 U.S.C. Section 203(d). The Defendant, FIDELITY SECURITY SERVICES, LLC, has employees subject to the provisions of the FLSA, 29 U.S.C. Section 207, in the facility where the Plaintiff was employed.

19. Defendant, FIDELITY SECURITY SERVICES, LLC, has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. Section 203(s)(1)(A)(i).

20. The named Plaintiff avers that at all times relevant to the violations of the Fair Labor Standards Act Defendant, FIDELITY SECURITY AGENCY, LLC, is an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

21. The named Plaintiff avers that at all times relevant to the violations of the Fair Labor Standards Act Defendant, FIDELITY SECURITY SERVICES, LLC, is an

enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. 203(s)(1)(A)(ii).

22. Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, were at all times material hereto, joint employers of Plaintiff as defined under 29 C.F.R Section 791.2.

23. Defendant, MICHAEL L. WILLIAMS, JR., is an officer of Defendant, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

24. Defendant, MICHAEL L. WILLIAMS, JR., is involved in the day-to-day operation of Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

25. Defendant, MICHAEL L. WILLIAMS, JR., guided the company policies of FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

26. Defendant, MICHAEL L. WILLIAMS, JR., actively engaged in the management, supervision, and oversight of Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

27. Defendant, MICHAEL L. WILLIAMS, JR., had control over the financial affairs of Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

28. Defendant, MICHAEL L. WILLIAMS, JR., could have authorized Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC's compliance with the Fair Labor Standards Act.

29. Defendant, MICHAEL L. WILLIAMS, JR., at all times material hereto was acting directly or indirectly in the interest of Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC's, employees and was substantially in control of the terms and conditions of the employees' work and is a statutory employer under 29 U.S.C. Section 203(d).

30. From approximately January 2015, Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, were at all times material hereto, joint employers of Plaintiff as defined under 29 C.F.R Section 791.2.

31. From approximately January 2015, Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, were engaged in a joint enterprise.

32. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, shared control of the work performed by Plaintiff.

33. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, were not completely disassociated with respect to the employment of Plaintiff.

34. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, operated out of the same facility in Orlando, Florida.

35. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, utilized and shared the same equipment to effectuate their business purpose.

36. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, exercised control over Plaintiff.

37. Plaintiff helped to effectuate the common business purpose of its employers, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

38. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, had a common business purpose of operating a security service company.

39. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC were directly and indirectly acting in the interests of one another.

40. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC were operationally interdependent.

41. FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, were under common ownership of Defendant, MICHAEL L. WILLIAMS, JR.

42. Plaintiff has retained LaBar & Adams, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

### IV. FACTUAL ALLEGATIONS

43. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42, above.

44. Plaintiff, ANTHONY T. FIELDS, was employed by Defendant, FIDELITY SECURITY AGENCY, LLC, as a security officer from approximately November 2013 until September 2014.

45. In or about October 2014, MR. FIELDS became a lead, operations supervisor and security officer for the Defendant, FIDELITY SECURITY AGENCY, LLC.

46. In or about April 2015, MR. FIELDS was a lead, operations supervisor and security officer for both FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC.

47. As a Supervisor, MR. FIELDS' job duties included but were not limited to, scheduling, training, date entry, site visits, recruitment, employee complaints, providing security guard services to Defendants' customers and overseeing other security officers.

48. MR. FIELDS was paid an hourly rate.

49. MR. FIELDS had numerous workweeks where his hours exceeded forty.

50. MR. FIELDS was required to perform duties "off the clock", including but not limited to, telephone calls and receiving and responding to test messages and emails.

51. The requirement to perform duties "off the clock" resulted in a violation of the FLSA when he worked in excess of forty (40) hours in that workweek.

52. Beginning March 2016, Defendants had a policy of "banking overtime hours" worked by Plaintiff as compensatory time off in lieu of paying overtime in violation of the FLSA.

53. Defendants, FIDELITY SECURITY AGENCY, LLC and FIDELITY SECURITY SERVICES, LLC, utilized a scheduling system and spreadsheets to keep track of the amount of hours employees worked.

54. Defendants had knowledge that the Plaintiff, was working overtime without proper compensation.

55. The Defendants failed to make a good faith effort to determine if the named Plaintiff was compensated appropriately pursuant to the FLSA.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISION OF THE
## FAIR LABOR STANDARDS ACT

56. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 55, above.

57. From approximately October 2014 through October 26, 2016, Defendants repeatedly and willfully violated Section 7 and Section 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

58. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed.

59. Defendants failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

60. Defendants failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues contained herein this Complaint.

Dated: 2/2/2017

Respectfully submitted,

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)