# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTHONY T. FIELDS,**

    **Plaintiff,**

**v.**                                                 **Case No:   6:17-cv-184-Orl-41KRS**

**FIDELITY SECURITY AGENCY, LLC.,
FIDELITY SECURITY SERVICES, LLC.
and MICHAEL L. WILLIAMS, JR.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 27)** |
| **FILED:** | **September 8, 2017** |

## I.   BACKGROUND.

In the complaint, Plaintiff, Anthony T. Fields, sued Defendants Fidelity Security Agency, LLC, Fidelity Security Services, LLC and Michael L. Williams, Jr., for failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Doc. No. 1.  The parties have advised the Court that they have settled this dispute.  They submitted an executed settlement agreement in support of the motion.  Doc. No. 27-1 ("Settlement Agreement"). They ask that the Court approve the settlement of the FLSA claim as required by *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, it must consider whether Plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

**III. ANALYSIS.**

  *A. Whether Plaintiff Has Compromised His FLSA Claim.*

  In the answers to the Court's interrogatories, Plaintiff estimated that he was owed $8,969.75 in overtime compensation and $10,987.50 in liquidated damages. Doc. No. 20-1, at 4. Under the Settlement Agreement, Defendants will pay Plaintiff $3,982.04. They will pay counsel for Plaintiff $5,517.96 in attorneys' fees and costs. *Id.* at 2-3. Therefore, Plaintiff has compromised his claim.

  *B. The Reasons for the Compromise.*

  The Court must consider the reason for the compromise. Counsel state that there are a number of disputed issues. These include whether Defendants were engaged in commerce for purposes of the FLSA and whether they have a good faith defense to the imposition of liquidated damages. Plaintiff also acknowledges that he faces a substantial hurdle to prove the number of hours he worked "off-the-clock." In addition, counsel for Plaintiff considered the financial viability of the Defendant. Doc. No. 27, at 4-5. This adequately explains the reason for the compromise.

  *C. Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

  Because Plaintiff has compromised his FLSA claim, the Court must consider whether the payment to his attorney is reasonable, to ensure that the fees and costs to be paid to his attorney did not improperly influence the amount Plaintiff agreed to accept. *See Silva*, 307 F. App'x at 351. Counsel represent that the amount of attorney's fees and costs to be paid were negotiated separately and without regard to the amount Plaintiff agreed to accept in settlement. Therefore, in the absence of objection, I recommend that the Court find that the amount of attorney's fees Plaintiff's counsel will receive is reasonable and does not taint the amount Plaintiff agreed to accept for resolution of his FLSA claim. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict

has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

> C. *Whether Other Provisions in the Settlement Agreement Undermine the Fairness or Reasonableness of the Settlement.*

The Court next must consider whether other provisions in Settlement Agreement render the agreement unreasonable. Here, the Settlement Agreement includes a broad release of individuals and entities not named in the complaint and release of claims that were not asserted in the complaint. While there is separate consideration paid for this release, some Judges have found that such broad releases undermine the fairness of an FLSA settlement. *See, e.g., Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, (M.D. Fla. 2010)(pervasive release). I note, however, that the presiding District Judge in this case has found that release of non-FLSA claims is generally not subject to judicial scrutiny. *Rosado v. Melao Bakery LLC*, No. 6:16-cv-1060-Orl-41KRS, 2017 WL 2634795 (M.D. Fla. June 19, 2017). Accordingly, if the Court finds that the release in this case does not undermine the fairness and reasonableness of the FLSA settlement, it may grant the motion.

**IV. RECOMMENDATIONS**.

If the Court finds that the breadth of the release does not undermine the fairness and reasonableness of the Settlement Agreement, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT in part** the Parties' Joint Motion For Approval Of Settlement (Doc. No. 27), but **DECLINE** to reserve jurisdiction to enforce the Settlement Agreement;

2. **DISMISS** the case with prejudice; and,

3. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that the settlement is not fair and reasonable, I **RESPECTFULLY RECOMMEND** that the Court **DENY** the motion.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 26, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy